UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DJUANE MCPHAUL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 1:14-cv-623-JMS-MJD |
| BALL STATE UNIVERSITY POLICE, et al., | ) ) ) ) |
| Defendants. | ) ) |

**Entry Discussing Motion to Dismiss**

Plaintiff Djuane McPhaul brings this civil rights complaint against Ball State University Police ("BSUP"), Jordan Brand, David Barnes, Brad Clark, and Matt Gaither alleging that the defendants: (1) used excessive force in arresting and detaining him; (2) violated his First Amendment right to video-record police activity by deleting a video from his phone; and (3) violated his right to due process under the Fifth and Fourteenth Amendments by failing to investigate his internal complaint related to these allegations. Based on these allegations, he brings claims pursuant to 42 U.S.C. § 1983 and Indiana tort law. The defendants move for dismissal of some of McPhaul's claims. For the reasons that follow, the motion to dismiss [dkt 69] is **granted in part and denied in part.**

**I. Standard of Review**

The defendants seek dismissal of McPhaul's § 1983 claims pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586

(7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

## II. Discussion

The defendants move to dismiss certain of McPhaul's claims brought pursuant to 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. They further move to dismiss his state tort claims for lack of jurisdiction based on his alleged failure to comply with the Indiana Tort Claims Act ("ITCA").

A. *42 U.S.C. § 1983 Claims*

1. Sovereign Immunity

BSUP moves for dismissal of any constitutional claims against it based on sovereign immunity. Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). Further, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. ' 1983 under the circumstances alleged in the complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989); *see also Swartz v. Scruton*, 964 F.2d 607, 608 (7th Cir. 1992)(case properly dismissed against Ball State Board of Trustees as "an arm of the State of Indiana"); *Zimmerman v. Trustees of Ball State University*, 940 F.Supp.2d 875, 885-886 (S.D. Ind. 2013). Accordingly, all claims brought pursuant to § 1983 against BSUP are **dismissed**. In addition, all § 1983 claims against any defendant in their official capacity must be **dismissed** for the same reason. This is because any claim for damages against the defendant individuals in their official capacities is "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).

2. Personal Involvement

The individual defendants also move to dismiss certain § 1983 claims against them because there is no allegation that they personally participated in the alleged constitutional deprivation. It is true that only persons who cause or participate in the violations are responsible under § 1983. *See Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). Accordingly, any claim for excessive force against Officers Barnes and Gaither must be **dismissed** because McPhaul does not allege in the complaint that these defendants participated in the use of any alleged force against him. McPhaul's bare assertion in his response to the motion to dismiss that Barnes "harassed him" is insufficient to state an excessive force claim. Similarly, the First Amendment claim related to the alleged seizure of McPhaul's cell phone and deletion of the video must be **dismissed** against defendants Barnes, Brand, and Gaither because McPhaul alleges in the complaint only that defendant Clark handled his phone and deleted the video. Again, McPhaul's conclusory assertion in his response to the motion to dismiss that "Officers violat[ed] McPhaul['s] rights by deleting recording in phone and falsely arresting McPhaul" is insufficient to raise a plausible claim for relief against these defendants because this assertion does not support a conclusion that any of the defendants personally participated in the acts at issue. Finally, any due process claim must be **dismissed** against Officers Brand, Barnes, and Clark because McPhaul does not allege that these defendants participated in the allegedly unfair investigation.

B. *Indiana Tort Claims*

The defendants also argue that any tort claim, including McPhaul's claims for "defamation" and "emotional distress" must be dismissed as barred by the Indiana Tort Claims Act ("ITCA") because McPhaul failed to file a notice of the tort claim within 180 days after the

4

alleged tort occurred as required by Indiana statute. Ind. Code § 34-13-3-8(a). The defendants argue that because McPhaul failed to file such a notice, his claims must be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

While it is true that the filing of a notice of tort claim is a jurisdictional prerequisite to filing suit in Indiana courts, see *Teague v. Boone,* 442 N.E.2d 1119, 1120 (Ind.Ct.App. 1982) (citing cases), it does not affect the jurisdiction of this Court when exercising its supplemental jurisdiction over the tort claims at issue pursuant to 28 U.S.C. § 1367(a).  *See D.D. ex rel. R.D. v. Gary Cmty. Sch. Corp.*, 2009 WL 3241592, at *3 (N.D. Ind. Sept. 28, 2009). Dismissal is therefore not appropriate pursuant to Rule 12(b)(1) and the defendants' request for dismissal of the plaintiff's tort claims for lack of jurisdiction must be **denied**. Further, the Court notes that dismissal of the tort claims is inappropriate pursuant to Rule 12(b)(6) because such a ruling would require resort to evidence presented outside of the allegations of the complaint.

### III. Conclusion

In summary, the defendants' motion to dismiss [dkt 69] is **granted in part and denied in part.**

The motion is **granted** consistent with the following: all claims brought pursuant to 42 U.S.C. § 1983 against BSUP are **dismissed**; all § 1983 claims brought against the individual defendants in their official capacities are **dismissed;** any claim for excessive force against Officers Barnes and Gaither is **dismissed;** the First Amendment claim related to the alleged seizure of McPhaul's cell phone and deletion of the video is **dismissed** against defendants Barnes, Brand, and Gaither. Finally, any due process claim is **dismissed** against Officers Brand, Barnes, and Clark.

The motion is **denied** as to McPhaul's claims brought pursuant to the ITCA. The defendants shall have leave to file a motion for summary judgment on McPhaul's tort claims and shall have **through February 29, 2016**, in which to do so.

The claims that remain are (1) McPhaul's excessive force claim against Officers Clark and Brand; (2) McPhaul's First Amendment claim against Officer Clark for allegedly deleting a video of police activity which McPhaul was recording on his cell phone; and (3) McPhaul's claim that Sergeant Gaither violated his due process rights for failing to perform an adequate investigation McPhaul's Internal Complaint. Those claims are addressed in the defendants' motion for summary judgment, which will be ruled upon in a separate order.

**IT IS SO ORDERED.**

Date: February 1, 2016

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DJUANE L. MCPHAUL
#742055
P.O. Box 979
Henderson, KY 42419

All Electronically Registered Counsel

6