UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DJUANE MCPHAUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-623-JMS-MJD |
| ) | |
| BALL STATE UNIVERSITY POLICE, et al., ) ) | |
| ) | |
| Defendants. ) | |

**Entry Granting in Part and Denying in Part Motion for Summary Judgment**

Plaintiff Djuane McPhaul brings this civil rights action pursuant to 42 U.S.C. § 1983, based on events that took place when Ball State University Police Department ("BSUPD") officers arrested him. McPhaul alleges that: (1) BSUPD Officers Brand and Clark unlawfully arrested him and used excessive force in the course of the arrest in violation of his Fourth Amendment rights; (2) Clark deleted a video of police activity which McPhaul was recording on his cell phone in violation of his First Amendment rights; and (3) Sergeant Matt Gaither, who was assigned to investigate McPhaul's BSUPD Internal Complaint, failed to perform an adequate investigation and thus violated McPhaul's right to due process under the Fifth and Fourteenth Amendments. The defendants move for summary judgment on McPhaul's constitutional claims and McPhaul has responded. For the reasons that follow, the defendants' motion for summary judgment [dkt. 63] is **granted in part and denied in part**.

### I. Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or

genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898.

McPhaul has responded to the motion for summary judgment, but included no evidence with his response. The Seventh Circuit has stated summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)

(quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)) (other citations omitted). Nonetheless, the Court will consider those factual assertions which are based on personal knowledge provided in McPhaul's verified complaint. *See Ford v. Wilson,* 90 F.3d 245, 246 (7th Cir. 1996) (noting that a verified complaint may serve as an affidavit to the extent that factual assertions therein comply with Rule 56(e)); *Albiero v. City of Kankakee,* 246 F.3d 927, 933-34 (7th Cir. 2001) (noting that conclusory statements are insufficient to survive summary judgment); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.").

## II. Undisputed Facts

The following statement of undisputed material facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to McPhaul as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

At about 2:50 a.m., Saturday, April 20, 2013, BSUPD Officer David Barnes observed Corey Kates stop his vehicle in the roadway outside the Dill Street Bar in Muncie, Indiana. Barnes flashed his spotlight at Kates' car and when Kates did not respond or move the car, Barnes approached. When he arrived at the driver's side window, he smelled alcohol on Kates's breath, and saw that Kates's eyes were glassy and bloodshot.

3

Just then, BSUPD Officer Jordan Brand pulled his police car directly behind Kates's car. Brand walked to the passenger side of Kates's car, saw an open beer container on the floor, and informed Barnes of that fact. Barnes inferred that Kates had been driving while intoxicated. He asked Kates to exit his car so that Barnes could administer field sobriety tests. Kates went with Barnes to the rear of Kates's car, to the space between Kates's car and the front of Brand's cruiser. Kates was being "loud and confrontational with Officer Barnes."

At about that time, Djuane McPhaul emerged from the Dill Street Bar, on the opposite side of the street. He, Kates, and another friend had been in the Bar since 11:00 p.m. or midnight. McPhaul had a few drinks that evening, but he does not recall how many. Kates and the other friend had left to get pizza and returned to pick up McPhaul. When he came out of the bar and saw Kates with the police, McPhaul began yelling that he was videotaping the events. McPhaul crossed the street to the east side, where Kates and the police officers were. McPhaul knew Barnes was a police officer because he was in uniform and driving a marked car. He also knew that Barnes was attempting to administer roadside sobriety tests to Kates.

McPhaul's and Kates's yelling and Kates's agitation began attracting a crowd of bystanders emerging from the Bar.[1] McPhaul and Kates were loudly argumentative for ten to fifteen minutes. Barnes asked Brand to "handle" McPhaul, meaning to "get him out of here" or "settle him down," so that he could administer the field sobriety tests. As Brand reached McPhaul, he could smell alcohol on his breath. Brand asked McPhaul to back away and quiet down. When McPhaul did not

---

[1] In response to the motion for summary judgment, McPhaul argues that another man was yelling, but was not arrested, but he provides no admissible evidence to support this statement. Further, whether the area was noisy generally, as McPhaul asserts, or someone else was being disruptive is not relevant to whether McPhaul, too, was being disruptive.

do so, Brand reached for McPhaul's wrist to place him under arrest for disorderly conduct.[2] McPhaul interpreted Brand's reaching for his wrist as an attempt to take his phone and backed up. Brand interpreted McPhaul's backing up as pulling away, and pulling away as resisting arrest. As McPhaul continued to yell, Officer Brand executed a "leg sweep" on him.[3] McPhaul and Brand went down. McPhaul was handcuffed while face down on the ground. When Brand took him down, McPhaul's cell phone flew out of his hand. McPhaul did not see where the phone landed and could not see if it was still recording.

Officer Brad Clark came up when McPhaul was already on the ground and assisted Brand in handcuffing McPhaul. McPhaul was loud and argumentative when on the ground and it took the two officers several minutes to calm McPhaul and put him in Brand's patrol car. Clark gathered McPhaul's cell phone, which he found in a nearby grassy area. Clark did nothing to the phone except pick it up and place it in Brand's police car.

McPhaul recovered the phone that day when he bonded out. He was advised by the Geek Squad at Best Buy that it would be possible to recover data from the phone, but he chose not to have that work done. McPhaul cannot now locate the phone.

At approximately 2 p.m., McPhaul filed an Internal Complaint with the BSUPD. In this complaint, McPhaul named two witnesses: Ivan Coleman and Tyler Davidson. During his investigation of McPhaul's Internal Complaint, Sgt. Gaither interviewed Officers Brand, Barnes,

---

[2] McPhaul also asserts that he was in a "safe area already and wasn't interfering and didn't move in police area" but again, he does not support these assertions with admissible evidence and does not provide evidence to rebut the evidence that, regardless of where he was standing, he was being disruptive to a police investigation.

[3] According to Training Officer David Bell, a leg sweep is a routinely applied, effective means of taking down a disorderly person in order to gain control over him. All police officers are trained in the leg sweep.

5

and Clark. He also interviewed McPhaul in person on May 16, 2013, and corresponded with McPhaul by e-mail on May 8, 9, and 15. No witness named by McPhaul came forward or made contact in response to Sgt. Gaither's inquiries. Gaither concluded his investigation saying that: "The investigation is suspended at the field level at this time due to lack of evidence or witness cooperation."

### III. Discussion

The defendants argue that they are entitled to summary judgment on McPhaul's claims against them arguing that they did not violate McPhaul's constitutional rights.[4]

A. *Illegal Detention and Assault*

In Count I of the Complaint, Mr. McPhaul alleges that he was "illegally detained and assaulted." In support, he states "Brand and Clark assaulted and kicked me on the ground." Brand and Clark move for summary judgment on this claim arguing that there was probable cause to detain McPhaul and they did not use excessive force when attempting to arrest him.

1. Probable Cause

Brand argues that McPhaul's claim that he was illegally detained must be dismissed because there was probable cause to arrest him. The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for claims of false arrest or false imprisonment like McPhaul's. *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 713-14 (7th Cir. 2013) (citing *Mustafa v. City of Chicago,* 442 F.3d 544, 547 (7th Cir. 2006)). Whether an officer has

---

[4] Defendant Officer Barnes seeks summary judgment on any claim against him. All claims against Officer Barnes were dismissed in the Entry of February 1, 2016. Accordingly, Barnes' request for summary judgment is **denied as moot**.

probable cause to arrest depends on the facts known to him at the time of the arrest. *Abbott*, 705 F.3d at 714.

Brand argues that there was probable cause to arrest McPhaul for disorderly conduct, public intoxication, and resisting arrest. Brand argues that McPhaul's yelling at Barnes and at Kates was agitating Kates and impeding Barnes's communication with Kates. Brand concludes that this behavior constitutes disorderly conduct under Indiana law. A person commits disorderly conduct when they "recklessly, knowingly, or intentionally . . . make[] unreasonable noise and continues to do so after being asked to stop." *Blackman v. State*, 868 N.E.2d 579, 583-84 (Ind. Ct. App. 2007) (citing Ind. Code § 35-25-1-3).

It is undisputed that McPhaul was yelling at Kates and disrupting the Officers' investigation of Kates. McPhaul has submitted no admissible evidence to rebut this. McPhaul asserts in his response to the motion for summary judgment that bystander Tyler Davidson recorded a video of the incident and that on the video, Davidson can be heard yelling "Leave him alone! He didn't do anything he was just recording." McPhaul also asserts that he was on the sidewalk, that he was not interfering, and that others were being noisy. These allegations are insufficient to rebut the evidence presented by the defendants that McPhaul was being disorderly. McPhaul provides no admissible evidence to support his version of these facts. Moreover, these statements are insufficient to show that McPhaul was not being disorderly. Disorderly conduct requires only that the person is making unreasonable noise and continues to do so after being asked to stop. Ind. Code § 35-41-1-3. Therefore, the defendants have shown that McPhaul behaved in this manner and McPhaul has failed introduce admissible evidence to show that he did not.

The defendants next argue that there was probable cause to arrest McPhaul for public intoxication because when Brand approached him, he could smell alcohol on his breath. A person

7

is guilty of public intoxication if "in a state of intoxication caused by the person's use of alcohol or a controlled substance . . . the person . . . (3) breaches the peace or is in imminent danger of breaching the peace; or (4) harasses, annoys, or alarms another person." Ind. Code Ann. § 7.1-5-1-3 (West). As already discussed, the defendants have presented evidence that McPhaul both breached the peace and harassed and alarmed others. It is undisputed that McPhaul was yelling at police and at Kates and disrupting the investigation of Kates. In addition, the defendants have shown that Brand smelled alcohol on McPhaul's breath and that McPhaul had a few drinks before the incident took place. The defendants have therefore demonstrated that there is no genuine issue of material fact with regard to whether there was probable cause to arrest McPhaul for public intoxication.

The defendants also argue that there was probable cause to arrest McPhaul for resisting arrest. This argument is less clear. "A person who knowingly or intentionally ... forcibly resists, obstructs, or interferes with a law enforcement officer ... while the officer is lawfully engaged in the execution of the officer's duties ... commits resisting law enforcement...." Ind.Code § 35–44.1–3–1(a)(1). Forcible resistance includes "at a minimum, some physical interaction with a law enforcement officer." *Macy v. State,* 9 N.E.3d 249, 253 (Ind. Ct. App. 2014). Forcible resistance may be said to occur when a "threatening gesture or movement ... presents an imminent danger of bodily injury [to an officer]." *Walker v. State,* 998 N.E.2d 724, 727 (Ind. 2013) (holding there was sufficient evidence of forcible resistance where defendant aggressively advanced toward a police officer with his fists clenched after being ordered to lay on the ground).

Here, there is no evidence that McPhaul "forcibly" resisted police. The only evidence in the record is that McPhaul pulled away from Brand's reach. *Colvin v. State,* 916 N.E.2d 306, 309 (Ind. Ct. App. 2010) (defendant was not compliant with officers' commands, kept his hand in his

pockets during struggle, and officers had to use force to execute the arrest, but there was no evidence that defendant stiffened his arms or otherwise forcibly resisted); *Berberena v. State,* 914 N.E.2d 780, 782–83 (Ind. Ct. App. 2009) (officer "struggled with" defendant "to grab his hands and place him in handcuffs" but officer did not recall what defendant was doing with his hands but only that he, the officer, "forcibly placed" defendant's hands in handcuffs, and therefore, evidence was ambiguous as to whether defendant had forcibly resisted); *Graham v. State*, 903 N.E.2d 963, 966 (2009) (defendant did not forcibly resist where officers laid defendant on ground and ordered him to present his arms for cuffing, and he refused to do so). Because the only evidence in the record is that McPhaul pulled away, there thus remains a dispute of fact whether he "forcibly" resisted arrest and whether Brand had probable cause to arrest him for resisting arrest. But it remains undisputed that there was probable cause to arrest McPhaul for disorderly conduct and public intoxication and the defendants are entitled to summary judgment on McPhaul's claim of false arrest.

        2. Excessive Force

     The defendants next argue that they did not exert excessive force against McPhaul. In assessing whether an officer's use of force violates the Fourth Amendment, the Court asks whether the officer's actions are objectively reasonable in light of the information known at the time of an arrest. *See Phillips v. Cmty Ins. Corp.,* 678 F.3d 513, 519-20 (7th Cir. 2012); *Common v. City of Chicago,* 661 F.3d 940, 943 (7th Cir. 2011); *Marion v. City of Corydon,* 559 F.3d 700, 705 (7th Cir. 2009). This question turns on the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

McPhaul alleges that Brand and Clark exercised excessive force against him when they knocked him to the ground. The defendants assert that Clark did not approach McPhaul until after McPhaul and Brand were on the ground and argue that Clark therefore had no role in the alleged excessive force. McPhaul testified at this deposition that he had no personal knowledge of Clark's location when Brand took him down. McPhaul stated: "I think [Clark] was like right there like as soon as it happened. Maybe he was watching from afar and seen it because it seemed to me like he was there immediately." [dkt 64-6 McPhaul Dep. pg 56]. It is therefore undisputed that Clark exercised no excessive force against McPhaul. Clark is therefore entitled to summary judgment on this claim.

The defendants assert that Brand attempted to grab McPhaul's arm to arrest him for disorderly conduct and public intoxication, McPhaul pulled away, and Brand then performed a "leg sweep," taking McPhaul to the ground. The defendants conclude that the "leg sweep" was a reasonable use of force necessary to detain McPhaul who was being disorderly and resisting arrest. McPhaul argues that Brand was not arresting him, but trying to take his phone. In other words, McPhaul's position is that he was not resisting arrest, but merely backing away from an officer who was trying to take his phone and prevent him from lawfully recording police activity.

Because, as discussed previously, there is a dispute of fact regarding whether McPhaul was resisting arrest or merely trying to hold on to his phone, Brand has not shown that the force used was reasonable under *Graham* factors. *See Alicea v. Thomas*, No. 15-1255, 2016 WL 805529, at *5 (7th Cir. Mar. 1, 2016) (reversing grant of summary judgment on excessive force claim). First, since there is a dispute of fact regarding whether McPhaul was resisting, Brand has not shown that the crime at issue was severe enough to warrant the use of force or that McPhaul was attempting to flee or evade arrest sufficient to warrant the use of force. In addition, Brand has provided no

evidence that McPhaul's pulling or backing away posed a safety threat. To the extent that Brand argues that McPhaul suffered no injuries as a result of the alleged excessive force, this argument might speak to the damages McPhaul may recover if he were successful on this claim, but it is insufficient to entitle Brand to summary judgment. *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 687 (7th. Cir. 2007) ("A factfinder might conclude that Holmes's injuries were slight but nonetheless find that [the officer] employed more force than was justified."). Accordingly, Brand's request for summary judgment on McPhaul's excessive force claim must be **denied**.

B. *Alleged deletion of the video*

The defendants next move for summary judgment on McPhaul's claim that Clark deleted cell phone video that McPhaul had recorded of the incident, violating his First Amendment rights.

It is undisputed that when Brand grabbed McPhaul's arm, executed the leg sweep, and took him to the ground, McPhaul dropped the phone. McPhaul testified at his deposition that he did not see where the phone landed and did not see the screen on the phone after it landed. While McPhaul was on the ground, Clark found the phone nearby in a grassy area. According to Clark, the phone was "not lit up. The screen was black." [Dkt 64-10, Clark Aff. pg. 2]. Clark has testified that he did not alter the phone in any way. McPhaul has provided no evidence, beyond his mere speculation, to support the proposition that Clark or any other defendant actively deleted the video on his phone. McPhaul has no personal knowledge on this fact and his speculation that Clark deleted the video is insufficient to defeat summary judgment. *See Simpson v. Beaver Dam Community Hospitals, Inc.*, 780 F.3d 784, 791 (7th Cir. 2015); *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014) ("inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion."). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince

a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (citing *Schacht v. Wisconsin Dep't of Corr.,* 175 F.3d 497, 504 (7th Cir. 1999)). Because there is no supported, admissible evidence to support a conclusion that Clark deleted the cell phone video, Clark is entitled to summary judgment on his First Amendment claim.

C. *Due Process*

Defendant Gaither moves for summary judgment on McPhaul's claim that he violated his due process rights under the Fourteenth Amendment when he failed to complete a fair investigation of McPhaul's complaint with the BSUPD.

To show that his due process rights were violated, McPhaul must show that he was deprived of a protected liberty or property interest. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). McPhaul has no liberty or property interest in a police investigation of a citizen's complaint about alleged police misconduct. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (holding that there no constitutional right to have the police investigate at all). Further, the simple fact that the BSUP had an internal complaint procedure is insufficient to create any liberty or property interest. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Because McPhaul has no liberty or property interest in the investigation of his complaint with BSUPD, he has failed to show that his due process rights were violated and Gaither is entitled to summary judgment on this claim.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment [dkt 63] is **granted in part and denied in part**. The motion is **granted** to the extent that McPhaul's false arrest, First Amendment, and due process claims are **dismissed**. McPhaul's excessive force claim against Clark is **dismissed**. The motion is **denied** to the extent that McPhaul's claim of excessive

force against defendant Brand remains. No partial final judgment shall issue as to the claims resolved in this Entry. Further proceedings on McPhaul's excessive force claim shall be set by separate order.

**IT IS SO ORDERED.**

Date: <u>March 18, 2016</u>

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DJUANE L. MCPHAUL
742055
Henderson County Detention Center
380 Borax
P.O. Box 979
Henderson, KY 42420

All Electronically Registered Counsel